**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DONALD J. LEBLEU** | ) | |
| **ID # 428007** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:12-CV-0939-P (BH)** |
| | ) | |
| **RICK THALER, Director,** | ) | **Referred to U.S. Magistrate Judge** |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Before the Court is *Petitioner's Supplemental Motion to Petition For Writ of Habeas Corpus*, received May 7, 2012 (doc. 9), which has been liberally construed as a motion for leave to amend. Based on the relevant filings, evidence and applicable law, the motion for leave to amend should be granted, and the amended petition for habeas corpus relief should be denied as barred by the statute of limitations.

## I. BACKGROUND

On March 22, 2012, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his murder conviction in Cause No. F85-98067-MK in Criminal District Court No. 4 in Dallas County, Texas. (Petition (Pet.) at 2, 10).[1] On April 5, 2012, it was recommended that the petition be denied with prejudice as barred by the statute of limitations. (*See* doc. 6). On April 7, 2012, petitioner filed his objections to that recommendation. (doc. 8). On May 7, 2012, he filed his supplemental motion, along with several exhibits. (doc. 9). The supplemental motion is liberally construed as a motion for leave to amend his habeas petition to add additional argument and evidence.

---

[1] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

## II.  MOTION TO AMEND

When a responsive pleading has not been filed, Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend his pleading once as a matter of course within 21 days after serving it and, otherwise, with either the opposing party's written consent or the court's leave.  Rule 15(a) evinces a bias in favor of amendment and requires that leave be granted "freely."  *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982).  A court's discretion to grant leave is severely limited by the bias of Rule 15(a) favoring amendment.  *Dussouy v. Gulf Coast Investment Corp*., 660 F.2d 594, 598 (5th Cir. 1981).  Leave to amend should not be denied unless there is a *substantial reason* to do so.  *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998).  There is a substantial reason to deny leave if the proposed amendment would cause undue delay or prejudice to the non-movant, if it is motivated by bad faith or dilatory motives, if there have been repeated failures to cure deficiencies with prior amendment, or if the amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading*, 195 F.3d 765, 770 (5th Cir. 1999); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).  Here, no responsive pleading has been filed, and there is no substantial reason to deny leave to amend the petition.  Petitioner's motion for leave to amend should therefore be granted.

## III.  STATUTE OF LIMITATIONS

Petitioner's amended petition includes evidence that the trial court delayed in ruling on his July 15, 2011 state habeas application, and that he filed a motion for leave to file a writ of mandamus with the Court of Criminal Appeals requesting that it order the trial court to address his application.  (doc. 9 at 6-17).

Under the  Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which applies to all federal habeas petitions filed after April 24, 1996, the one-year statute of limitations is calculated

from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(A)-(D).

Here, the Fifth District Court of Appeals affirmed petitioner's conviction and sentence in an unpublished opinion on October 9, 1987, and he filed no petition for discretionary review with the Court of Criminal Appeals.  *See LeBleu v. State*, No. 05-86-01107-CR (Tex. App. – Dallas, Oct.9, 1986, no pet.).  His state conviction therefore became final for purposes of § 2244(d) by the expiration of the ninety-day time frame for seeking further review after his conviction was affirmed on direct appeal, on January 7, 1987.  *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003).  Because petitioner's state conviction became final before AEDPA's enactment on April 24, 1996, he had one year after its enactment in which to file a federal petition for a writ of habeas corpus.  *Williams v. Cain*, 217 F.3d 303, 304 n.1 (5th Cir. 2000); *Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998).  That one-year grace period ended, in the absence of tolling, on April 24, 1997.  Because he filed his federal petition more than one year later, his March 22, 2012 filing is untimely.

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*."  28 U.S.C. § 2244(d)(2) (emphasis added).  Petitioner filed his first state application for writ of habeas corpus with the trial court on September 25, 1986, and it was dismissed by the Court of Criminal Appeals because his direct

3

appeal was still pending at the time of filing.  *See Ex parte LeBleu*, WR-16,458-01 (Tex. Crim. App.

Jan. 14, 1987).  He filed his second state writ with the trial court on July 15, 2011, and it was denied

by the Court of Criminal Appeals without written order on October 26, 2011.  *See Ex parte LeBleu*,

WR-16,548-03  (Tex. Crim. App. Oct. 26, 2011).  Because the one-year statute of limitations expired

well before petitioner filed his second state writ, the trial court's failure to rule on it in a timely manner

had no effect on the timeliness of his federal petition.[2]

Petitioner has alleged no facts to support equitable tolling in this case.  He has offered no

explanation in his amended petition for his failure to file a second state habeas application before July

of 2011, more than fourteen years after the limitations period expired.  He has neither alleged nor

shown that he has been pursuing his rights diligently and that some extraordinary circumstance

prevented a timely filing.  *See Holland v. Florida*, 130 S.Ct. 2549, 2562  (2010); *Pace v. DiGuglielmo*,

544 U.S. 408, 418 (2005).  Equitable tolling therefore does not save his untimely federal petition.

### III.  RECOMMENDATION

The Court should **GRANT** petitioner's motion for leave to amend his petition, find the amended

petition for habeas corpus relief to be barred by the statute of limitations, and **DENY** it with prejudice.

**SO RECOMMENDED on this 10th day of May, 2012.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner's first state writ would not toll the limitations period because it was filed many years before the AEDPA was enacted.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE